UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE L. PIGEE,

        Plaintiff,

v.                                       Case No. 05-72903
                                         Honorable Julian Abele Cook, Jr.

KAREN R. HANSON,
Assistant Genesee County Prosecutor

        Defendant.

### ORDER

On July 25, 2005, the Plaintiff, Willie L. Pigee, removed this matter to the federal Court from the Genesee County Circuit Court of Michigan with the filing of a "Notice of Removal." In his Complaint, he charges the Defendant, Karen R. Hanson, an Assistant Genesee County Prosecutor, of (1) "violat[ing] his rights under the 14th Amendment of the United States Constitution and Article 10, Section 2 of the Michigan Constitution", (2) "encumbering his property interests by recording a document without a lawful cause and with an intent to harass or intimidate," and (3) "libel." On April 25, 2006, Pigee filed a "Motion to Amend Complaint Per March 20, 2006 Scheduling Conference."

In his motion, Pigee contends that

      1. The court explained at the March 20, 2006 scheduling conference conducted in *Steffeny D. Linn v. Karen R. Hanson*, [a companion case]. . . that the conference was meant to also schedule the companion cases, *Cathryn V. Sanders v. Karen R. Hanson*, . . . and *Willie L. Pigee v. Karen R. Hanson* . . . .
      2. While the *Linn v. Hanson* Scheduling Order allowed plaintiff to amend her complaint, the Order makes no mention of leave to amend the *Pigee* and *Sanders* complaints too, though it was discussed at the March 20, 2006 scheduling conference.

In her Response, Hanson contends that "[t]he Court did not, concurrently, schedule a Pretrial Scheduling Conference for either the *Sanders* or the *Pigee* cases." Nevertheless, Hanson stated she "will rely upon the decision of the Court to determine if, and to what extend, Plaintiff's proposed amended complaint should be granted, or not. Once that decision is made by this Court, [Hanson] will respond in the appropriate manner."

A request to amend a pleading is governed by Fed. R. Civ. P. 15(a), which provides, in pertinent part, that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party." A motion for leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Therefore, "if the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (Rule 15 "reinforce[s] the principle that cases should be tried on their merits rather than on the technicalities of pleadings"). Decisions as to whether the ends of justice require leave to amend are left to the sound discretion of the trial judge. *Miller v. Metropolitan Life Ins. Co.*, 925 F.2d 979, 983 (6th Cir. 1991).

Upon reviewing the Pigee's motion, as well as the official record in this matter, and believing that (1) he has not acted with "undue delay, bad faith, or a dilatory motive" in bringing forth this motion and (2) Hanson will not suffer any undue prejudice as a result of granting Pigee's motion, Pigee's motion to amend his Complaint is granted. However, Pigee shall file his Amended Complaint with this Court within a period of (14) days from the date of this Order. If he fails, refuses or neglects to comply with this directive within the above listed time period, his request for an amendment shall be automatically rejected.

IT IS SO ORDERED.

Dated:   June 9, 2006                                        s/ Julian Abele Cook, Jr.
       Detroit, Michigan                             JULIAN ABELE COOK, JR.
                                                           United States District Court Judge

Certificate of Service

I hereby certify that on June 9, 2006, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

                                                                                    s/ Kay Alford
                                                                                    Courtroom Deputy Clerk